### VINCENTI et al. v. UNITED STATES.*

(Circuit Court of Appeals, Fourth Circuit. March 4, 1921.)

No. 1883.

1. War ☞33—Prohibition Act has not become invalid by cessation of war powers.

The War Prohibition Act had not, in November, 1920, when defendants were convicted thereunder, become invalid by reason of the cessation of the war powers of Congress, as the United States government is still officially at war.

2. Criminal law ☞15—Repeal of criminal statute defeats prosecutions under it, unless contrary intent shown.

As a general rule, the unqualified repeal of a criminal statute expresses the legislative will that acts which were offenses under it and were done while it was in force shall no longer be regarded as criminal or punished; but the rule does not apply when a later statute declares a contrary intention.

3. War ☞4—Prohibition Act not repealed, as to offenses already committed, by National Prohibition Act.

War Prohibition Act, § 1, par. 4, was not repealed, as to offenses already committed, by the National Prohibition Act, in view of title 1, § 7, providing that its provisions shall not be construed to repeal any of the provisions of the War Prohibition Act, and title 2, § 35, providing that it shall not relieve any person from any liability already incurred under existing laws.

In Error to the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Charles Vincenti and others were convicted of conspiracy to violate the War Prohibition Act, and they bring error. Affirmed.

Philip B. Perlman and Ogle Marbury, both of Baltimore, Md. (Lloyd L. Jackson, Jr., and William Curran, both of Baltimore, Md., on the brief), for plaintiffs in error.

Robert R. Carman, U. S. Atty., and George E. Kieffner, Asst. U. S. Atty., both of Baltimore, Md.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

WOODS, Circuit Judge. The defendants were indicted October 28, 1920, for conspiracy on the 1st day of July, 1919, to violate section 1, paragraph 4, of the Act of Congress approved November 21, 1918, called the War Prohibition Act (40 Stat. 1046). A demurrer to the indictment was overruled, and the defendants were convicted on November 20, 1920. A motion in arrest of judgment was also overruled.

[1] Defendants' first position is that the War-Time Prohibition Act

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 255 U. S. —, 41 Sup. Ct. 538, 65 L. Ed. —.

at the time of their trial had become invalid by reason of the cessation of the war powers of Congress. That act provides:

"After June 30, 1919, until the conclusion of the present war and thereafter until the termination of demobilization, the date of which shall be determined and proclaimed by the President of the United States, for the purpose of conserving the man power of the nation, and to increase efficiency in the production of arms, munitions, ships, food and clothing for the army and navy, it shall be unlawful to sell for beverage purposes any distilled spirits. * * *"

In Kahn v. Anderson, 255 U. S. ——, 41 Sup. Ct. 224, 65 L. Ed. ——, the Supreme Court decided, on January 31, 1921, that the government of the United States was still officially at war. This is also the effect of the decision in Hamilton v. Kentucky Distilleries Co., 251 U. S. 146, 40 Sup. Ct. 106, 64 L. Ed. 194.

[2, 3] The other contention is that the defendants could not be legally tried, convicted, and sentenced for a conspiracy to violate the War-Time Prohibition Act, because at the time of the trial that statute had been repealed by the National Prohibition Act, passed October 28, 1919 (41 Stat. 305), in pursuance to the Eighteenth Amendment, ratified in January, 1919. The general rule is that unqualified repeal of a criminal statute expresses the legislative will that acts which were offenses under it, done while the statute was in force, shall no longer be regarded criminal, and shall not be punished under the repealed statute. But obviously this cannot be the result when the Legislature has declared in the later statute a contrary intention, either by providing that the former statute shall not be repealed, or that it shall remain in force as to acts already done, which were offenses under it before the repeal. Section 7, title 1, of the National Prohibition Act, provides:

"None of the provisions of this act shall be construed to repeal any of the provisions of the 'War Prohibition Act.'"

Section 35, title 2, contains this clause:

"Nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws."

These provisions can mean nothing less than that the War Prohibition Act was to remain in force as to acts already done which were by its terms made criminal offenses. Any other construction would be subversive of the language as well as the plain scheme and purpose of the later statute.

This conclusion removes from the case the question whether a conspiracy to violate a criminal statute can be punished after the repeal of such criminal statute.

Affirmed.